[Civ. No. 8987.   First Appellate District, Division One.—June 8, 1934.]

MAY E. TUCKER, Appellant, v. GEORGE W. HOWE, Respondent.

162

Vinetz & Gitelson and A. Gitelson for Appellant.

William J. O'Brien for Respondent.

THE COURT.—This action was brought upon a promissory note which contained the recital "this is a deed of trust note subject to a first deed of trust note". The complaint contained no averment that the note was secured by a deed of trust or otherwise. A demurrer upon general grounds and upon the special ground that the complaint was uncertain in that the nature of the writing securing the note could not be determined from the complaint was overruled, and defendant answered. The cause came on regularly for trial before a jury and plaintiff was sworn as a witness, whereupon the defendant objected to the introduction of any evidence in the case on the ground that the complaint failed to state facts sufficient to constitute a cause of action. The specific objection appears to have been that the complaint showed that the note was secured, but not that the security had failed or had been exhausted. The objection was sustained and a judgment of dismissal entered. Plaintiff has appealed therefrom.

Such motions are to be determined upon the same principles as would be a general demurrer to the complaint upon the same ground, and this regardless of any grounds of special demurrer or any defense set up in the answer (*Hibernia Sav. & Loan Soc.* v. *Thornton,* 117 Cal. 481 [49 Pac. 573]; *Elmore* v. *Tingley,* 78 Cal. App. 461 [248 Pac. 706]). Pleadings must be liberally construed (Code Civ. Proc., sec. 452), and, as held in the cases cited, a complaint upon a promissory note which contains the usual and proper allegations is not rendered insufficient to constitute a cause of action because of a recital in a copy of the note that "this note is secured by a mortgage of even date herewith", as such recital is not equivalent to an averment to that effect. The same rule was applied and the decision first above cited followed and approved in *Hayt* v. *Bentel,*

164 Cal. 680 [130 Pac. 432]. ▮ It has been held generally that the fact that a note is secured by a mortgage is an affirmative defense (*Brophy* v. *Downey*, 26 Mont. 252 [67 Pac. 312]; *Bank of Paso Robles* v. *Blackburn*, 2 Cal. App. 146 [83 Pac. 262]). (See, also, *Thompson* v. *Koeller*, 183 Cal. 476 [191 Pac. 927].) ▮ As a general rule there can be but one action for the recovery of any debt or the enforcement of any rights secured by a mortgage (Code Civ. Proc., sec. 726); and in the absence of unusual circumstances an independent action on a note secured by a deed of trust cannot be maintained unless and until the security is exhausted or shown to be valueless (*Bank of Italy, etc.,* v. *Bentley*, 217 Cal. 644 [20 Pac. (2d) 940]).

In the case last cited the court, in discussing the similarity between mortgages and deeds of trust, said: ''Fundamentally it cannot be doubted that in both situations the security for an indebtedness is the important and essential thing in the whole transaction. The economic function of the two instruments would seem to be identical.''

But two cases have been brought to our attention where questions of pleading in actions involving similar facts have been considered. In *Pitzel* v. *Maier Brewing Co.*, 20 Cal. App. 737 [130 Pac. 705], it was alleged as the basis for a counterclaim seeking a personal judgment that the plaintiff had executed in favor of the defendant a promissory note ''secured by a deed of trust, etc.''. It was held that a general demurrer thereto was properly sustained, it not having been alleged that the security had been exhausted. *Brink* v. *Benton,* 131 Cal. App. 275 [21 Pac. (2d) 455], was an appeal taken on the judgment-roll from a judgment in favor of defendant based upon a finding that the note sued upon was secured by a deed of trust. The note recited that it was so secured, but the complaint contained no allegation that the security had been exhausted. The plaintiff, who appealed, contended that since the evidence had not been brought up the appellate court could not conclude from the recital alone that the note was secured. But, as pointed out in the opinion, the finding was conclusive. These cases did not involve the question here presented and are not controlling.

▮ What was said in the Bentley case as to the similarity between the two forms of security and the identity of

their economic functions appears to us to be equally applicable where the question of pleading is involved; and we see no reason for holding that the rule with respect to recitals in the one case should not in principle apply in the other. There is nothing in any of the decisions cited which suggests the contrary, and the rule itself has never been departed from.

We are of the opinion that the complaint sufficiently stated a cause of action and that the dismissal was erroneous.

The judgment is reversed.