[Civ. No. 9833. Second Appellate District, Division Two.—February 25, 1936.]

DORA UNGER, Respondent, v. H. A. GOLDMAN et al., Appellants.

130

Thos. C. Ridgway and H. A. Goldman for Appellants.

Max Lewis, A. Arnold Klein and Laurence M. Weinberg for Respondent.

GOULD, J., *pro tem.*—Involved financial transactions between plaintiff and her husband, defendant Goldman and his affiliated finance corporations, and a construction company and its numerous creditors brought about a situation early in the year 1928 wherein the various parties named were in litigation in two separate superior court suits. One of these was called for trial March 28, 1928. On that date, it was testified in the within case in plaintiff's behalf, defendant Goldman promised to give the Ungers his secured note for $10,000 in consideration of their dismissal of the pending action against him. The dismissal was signed and filed the same day. The note was not made out until June 14, 1928, and was delivered to the Ungers, so plaintiff testified, about one month later. Originally the note was secured by a mortgage, duly recorded July 5, 1928, but the Ungers on the very date the note and mortgage bear, June 14, 1928, had executed a release of the mortgage. This was done, plaintiff testified, without consideration and in the mistaken belief that she was signing a quitclaim deed to another piece of property, and the trial court herein made a finding to that effect. In any event, the security represented by the mortgage had vanished before the date of the trial of the within action, by reason of the foreclosure of a prior lien upon the mortgaged premises. Plaintiff's husband had died prior to filing suit herein, she had succeeded to his interest in the $10,000 note and mortgage, and as the sole owner thereof sued defendant Goldman upon the instrument, joining the corporate defendant as the owner of some interest in the mortgaged premises.

Upon trial findings were all in plaintiff's favor, the court rendering a personal judgment against defendant Goldman for the unpaid principal balance of the note, interest and costs. Goldman as defendant and cross-complainant, together with cross-complainant Angel City Investment Company, appeals.

Appellant Goldman's principal contention has to do with a letter dated September 10, 1928, signed by himself, addressed to the then attorney for the Ungers and bearing the signed acceptance of the Ungers. This letter purported to deliver to the latter's attorney the $10,000 note herein involved, together with the mortgage securing the same and the mortgage release above referred to, and, after imposing certain other conditions, specifically provided that Goldman "does not acknowledge any indebtedness or obligation" to the Ungers, and that "in accepting this offer it is understood that [the Ungers] do not claim any obligation against the said . . . Goldman". It is Goldman's contention that the note and mortgage in question accompanied by the above letter were not delivered to the Ungers until after September 10, 1928, and that the acceptance of the same by the payees made the note subject to the terms mentioned in the letter; that the liability of the maker of the note was measured by the restrictions in the concomitant writing.

The point might be sound as a matter of law except for the fact that the court in this case found that the note was actually delivered June 14th, nearly three months before the date of the letter upon which appellant relies. This finding is supported by substantial evidence and we may not disturb it. We must conclude that the trial court determined that the letter of September 10th did not accompany the delivery of the note of June 14th, which determination is fortified by ample evidentiary support. Therefore, cases such as *Symonds* v. *Sherman,* 219 Cal. 249 [26 Pac. (2d) 293], relied upon by appellants as stating the doctrine of conditions or restrictions upon delivery of instruments executed as part of the same transaction, have no applicability to the situation found by the court in this case.

Appellants also urge, in the face of the court's finding (amply supported by evidence) that the dismissal of the pending superior court action was the consideration for the execution of the note, that there was no actual consideration.

This argument is based upon alleged admissions made by the Ungers in other matters that they had in fact had no valid claim against appellant Goldman in the suit which was dismissed. This again, is simply a case of conflicting evidence, resolved by the court in favor of respondent.

The trial court had before it for consideration not only the complaint and answer but also a cross-complaint by which appellants herein asked judgment against respondent upon a series of promissory notes which, it was alleged, she had executed and delivered to cross-complainant's assignor. It developed upon the hearing upon the cross-complaint that the notes had been secured by deed of trust. There were no facts alleged in the cross-complaint showing that the security had been exhausted or that it had become valueless. Without out a showing of either of these alternatives a cause of action could not be maintained upon the secured notes. (*Bank of Italy Nat. Trust & Sav. Assn.* v. *Bentley,* 217 Cal. 644 [20 Pac. (2d) 940].) Objection to the introduction of evidence was properly sustained by the court. Appellants then asked leave to amend by alleging that the security for the notes had become valueless, which was denied. This ruling is cited as an abuse of discretion.

The allowance of amendments to pleadings is always within the court's discretion, and it will be presumed that the discretion was exercised in the furtherance of justice. (*Trower* v. *San Francisco,* 157 Cal. 762 [109 Pac. 617].) Reversal will not be ordered except for a plain abuse of discretion; and it has been held that where the subject matter of the amendment could and should have been known before trial to the party seeking leave to amend, no abuse of discretion is shown by the court's refusal to allow the amendment. (*Schalich* v. *Bell,* 173 Cal. 773 [161 Pac. 983].) Here the matters sought to be alleged by way of amendment were available to appellants not only from their own knowledge but by way of public record. We must hold that there has been no showing of abuse of discretion such as to compel an appellate court to order a reversal.

Thirty-eight separate specifications of error relating to introduction of evidence also are listed by appellants. It may be true that the trial court was not without error in the hearing of this lengthy case, but the matters complained of are for the most part inconsequential and did not deprive appel-

lants of the fair and impartial trial and decision to which they were entitled. The case in essence is one of conflicting evidence; and discovering, as we do, substantial evidentiary support for the findings and judgment of the trial court, we may not disturb its conclusions.

Judgment affirmed.

Wood, J., and Crail, P. J., concurred.

A petition for a rehearing of this cause was denied by the District Court of Appeal on March 24, 1936, and an application by appellants to have the cause heard in the Supreme Court after judgment in the District Court of Appeal, was denied by the Supreme Court on April 21, 1936.