CONLEY, P. J.
 

 The plaintiff, Robert E. Myers, appeals from an order granting a new trial in an action for conversion.
 

 At the outset, the appellant urges that the notice of motion for a new trial was filed too late and that therefore the court had no jurisdiction to pass on or grant the motion.
 

 Section 659 of the Code of Civil Procedure at the time of the motion read as follows:
 

 ‘‘The party intending to move for a new trial must file with the clerk and serve upon the adverse party a notice of his intention to move for a new trial, designating the grounds upon which the motion will be made and whether the same will be made upon affidavits or the minutes of the court or both, either
 

 “1. Before the entry of judgment and, where a motion for judgment notwithstanding the verdict is pending, then within five days after the making of said motion; or
 

 
 *64
 
 “2. Within 30 days after the entry of the judgment or 10 days after service upon him by any party of written notice of the entry of judgment, whichever is earlier.
 

 ‘‘
 
 Said notice shall be deemed to be a motion for a new trial on all the grounds stated in the notice. The time above specified shall not be extended by order or stipulation.”
 

 After the return of the verdict, but before the entry of a judgment, the respondent made a motion for judgment notwithstanding the verdict, which was denied by the court prior to the entry of the judgment. The respondent did not make a motion for new trial before the entry of the judgment. Subdivision 1 of section 659 of the Code of Civil Procedure, therefore, does not apply. This is the holding in the case of
 
 Kroiss
 
 v.
 
 Butler,
 
 129 Cal.App.2d 550, 553-554 [277 P.2d 873],
 

 After the entry of the judgment the appellant served notice of such entry upon respondent’s counsel, and well within 10 days thereafter the notice of motion for a new trial was filed. The applicable subdivision of section 659, therefore, is subdivision 2, and there was compliance by respondent’s counsel with its requirements.
 

 The appellant, nevertheless, argues that when a motion for judgment notwithstanding the verdict is made, even though promptly denied, the five-day requirement still applies. This contention turns on the meaning of the word “pending.” But “pending,” as used with respect to court procedure, means “remaining undecided.”
 
 (Buswell
 
 v.
 
 Babbitt,
 
 65 N.H. 168 [18 A. 748].)
 

 Black’s Law Dictionary (4th ed. 1957) thus defines “pending” : “Begun, but not yet completed; during; before the conclusion of; prior to the completion of; unsettled; undetermined; in process of settlement or adjustment.”
 

 It is clear that once the motion for judgment notwithstanding the verdict was decided by the court it was no longer pending and therefore, even without the authority of
 
 Kroiss
 
 v.
 
 Butler, supra,
 
 129 Cal.App.2d 550, 553, it is apparent that the argument made by appellant is without merit.
 
 Boynton
 
 v.
 
 McKales,
 
 139 Cal.App.2d 777, 781 [294 P.2d 733], cited by appellant, is not in point. It holds that when there were two defendants and one of them moved for a judgment notwithstanding the verdict and for a new trial before the entry of judgment, the codefendant who did not make such motions before judgment had 10 days after service of a notice of the entry of judgment to file his motion for a new trial, even though the first defendant was limited to five days for the
 
 *65
 
 filing of his motion for new trial after his pending motion for judgment notwithstanding the verdict.
 

 Turning to the merits of the ease, we find that in appellant’s opening brief it is said: “The issue raised by this appeal is: Did the Court abuse its discretion in granting defendant a new trial on the grounds of insufficiency of the evidence ? ’ ’
 

 In support of his contention, appellant mistakenly states that there was no substantial conflict in the testimony on material issues and that the evidence as a whole would be insufficient as a matter of law to support a verdict in favor of the moving party. It will appear from a recapitulation in this opinion of the testimony that there was in fact a vital conflict in the evidence with respect to material issues in the ease and that if the jury had believed respondent’s witnesses, it would have had to bring in a verdict in favor of that party.
 

 In
 
 Brooks
 
 v.
 
 Metropolitan Life Ins. Co.,
 
 27 Cal.2d 305, 307 [163 P.2d 689], in an opinion written by Chief Justice Gibson, it is said: “In passing upon a motion for a new trial based upon the insufficiency of the evidence, it is the exclusive province of the trial court to judge the credibility of the witnesses, determine the probative force of testimony, and weigh the evidence [citations]. ... It is only where it can be said as a matter of law that there is no substantial evidence to support a contrary judgment that an appellate court will reverse the order of the trial court. [Citation.] ”
 

 The instant action is based on the theory that the respondent converted personal property of the appellant by means of an execution following an attachment in a former ease entitled
 
 “J. H. Degnan, Inc., a corporation, Plaintiff,
 
 v.
 
 Robert E. Myers, Defendant,”
 
 Civil No. 14715, Kings County. (48 Cal.Jur.2d, Trover and Conversion, § 29, p. 570.) The Degnan company took out a writ of attachment in that case and attached farming equipment of Myers consisting of a tractor, picker head and two Rhodes cotton trailers. Myers, though duly and regularly served, did not appear, and a default judgment was taken against him in the sum of $1,107.68 plus costs. After the attachment had been levied, the Bank of America, which held the contract of sale on the equipment, made demand for the balance due thereon, and the Degnan company advanced the sum of $1,072.99 to preserve security.
 

 After judgment, Mr. Myers went to Hanford and talked with officials of the corporation and with its attorney, Mr. Lee G. Brown. Here the evidence adduced by the contesting
 
 *66
 
 parties differed vitally. The appellant contended that in the conversations with the representatives of the corporation he indicated that he would be willing to pay the full amount of the judgment and the monies advanced by the judgment creditor to clear title to the property held as security. He sought to justify the fact that he did not make a formal tender of the whole sum on the ground that he did not believe that the Degnan company would have accepted the amount justly due even if offered. On the other hand, witnesses for the Degnan company testified that while an attempt was made to settle the controversy through the acceptance, if tendered, of an immediate cash payment of less than the total due with the understanding that the Degnan company would repair the machinery and turn it over to Myers if secured by new paper, no tender was actually made of any amount at the time of these conversations and that the plaintiff indicated that he did not have sufficient funds with which to pay the total due as a result of the judgment together with the monies which had been advanced by the Degnan company to the bank. Later, the attorney for Myers tendered by letter to Mr. Brown as attorney for the respondent the balance due on the judgment alone; no tender was ever made of the sums which had been paid to the Bank of America for a release of the property. Thus, there was a conflict in the evidence with respect to the question of tender. It was essential to plaintiff’s case that he should have made a tender of all amounts justly due in order to procure a satisfaction of the judgment and a release of the attached property.
 

 After the institution of the present action the sheriff sold the attached property pursuant to a writ of execution, and from the proceeds of the sale paid to the Degnan company an amount sufficient to satisfy the judgment, the costs of sale and the monies advanced by respondent to the Bank of America; the sheriff paid Myers the small amount that remained.
 

 The trial court could legitimately conclude from the evidence that as the right to possession by the plaintiff depended on the validity of a proper tender of payment, the Degnan company was rightfully in control of the property by reason of the attachment and that it was therefore legally authorized to order the execution sale.
 

 The granting of a motion for a new trial rests within the legal discretion of the court, and such order will not be disturbed on appeal in the absence of a clear showing of abuse.
 
 *67
 

 (Linn
 
 v.
 
 Roby,
 
 129 Cal.App.2d 448, 451 [277 P.2d 67].) “ All presumptions are in favor of the order and it will be affirmed if it is sustainable on any ground.”
 
 (McFarland
 
 v.
 
 Voorheis-Trindle Co.,
 
 52 Cal.2d 698, 707 [343 P.2d 923].)
 

 In passing, appellant calls attention to the fact that upon the trial he made a collateral attack on the judgment in the former action on the claim that the Degnan company did not have title to the promissory note at the time the action was brought and that therefore the attachment and judgment in the former action were of no effect. This contention was based upon the alleged fact that at the time of the commencement of the action the note which formed the basis of the claim of the Degnan company had not as yet been reassigned to it by the Bank of America.
 

 A judgment regular on its face was entered in the prior action after due service on the appellant Myers, and the judgment roll does not indicate or establish any lack of jurisdiction. As is said in 29 California Jurisprudence 2d, Judgments, section 189, at pages 144-145 .-
 

 “A judgment of a domestic court of record is not subject to collateral attack for lack of jurisdiction unless it is void on its face—that is, unless the record shows it to be void. For this purpose the record is the judgment roll, which is the only evidence that may be considered. Extrinsic evidence is inadmissible, though it might show that jurisdiction did not in fact exist. Any other rule, it is said, would subject to the uncertain test of parol evidence those things to which the law attaches the utmost conclusiveness and stability, namely, judgments and judicial records.”
 

 (See also
 
 Sacramento etc. D. Dist.
 
 v.
 
 Superior Court,
 
 196 Cal. 414, 429, 430 [238 P. 687];
 
 Kaufmann
 
 v.
 
 California Mining etc. Syndicate,
 
 16 Cal.2d 90, 91 [104 P.2d 1038];
 
 Salter
 
 v.
 
 Ulrich,
 
 22 Cal.2d 263, 266 [138 P.2d 7, 146 A.L.R. 1344].)
 

 The order granting the new trial is affirmed.
 

 Brown, J., and Stone, J., concurred.