[S. F. No. 18170. In Bank. Nov. 29, 1950.]

WILLIAM PENN MOTT, JR., Appellant, v. RUSSELL C. HORSTMANN, as City Auditor, etc., Respondent.

Buckley & Ehlers for Appellant.

Stanley C. Smallwood for Respondent.

SHENK, J.—This is an appeal from a judgment denying a peremptory writ of mandate to compel the Auditor of the city of Oakland to approve certain salary payments.

The petitioner is a landscape architect specializing in designing and laying out parks and playgrounds for cities and counties. On August 28, 1946, he was appointed Superintendent of Parks of the city of Oakland at a salary of $600 per month. On December 2, 1947, while still holding that position, he accepted an appointment as a member of the Planning Commission of Contra Costa County. Beginning in January, 1948, the city auditor of the city of Oakland refused to approve further payments of his salary on the ground that section 38 of the Oakland city charter prevented payment. That section provides, in part:

"No person holding any office or position under the City Government carrying with it a salary or emoluments of more than Fifty Dollars . . . per month . . . shall, except as may be authorized by the Council, hold any such office or position under the City government while holding any office, or position of profit, under the government of this State, of any other State, of the United States, or of any other nation, government or country."

On February 3, 1949, the Oakland city council adopted Resolution 21507 C.M.S., which reads in part:

"WHEREAS, pursuant to Section 38 of the Charter . . ., any person holding any office . . . under the City Government may hold another office . . . under the government of this State . . . when authorized so to do by this Council; now, therefore, be it

"RESOLVED: That this Council does hereby consent to the appointment of said William Penn Mott, Jr., Superintendent of Parks of the City of Oakland, as a Commissioner of the Contra Costa County Planning Commission from December 2, 1947, to April 27, 1948, and does hereby ratify, confirm and approve said appointment."

The city auditor continued to refuse approval of the petitioner's salary warrants, whereupon this proceeding was commenced and an alternative writ was issued. Upon the trial the court concluded that the petitioner had violated section 38 of the city charter by accepting the position with Contra Costa County; that the violation worked a forfeiture of his position

with the city of Oakland; and that the forfeiture was not cured by the resolution of the city council. Judgment was for the respondent auditor and a peremptory writ of mandate was denied.

Petitioner contends that the trial court should have concluded that the city council's resolution was an effective ratification which cured any prior violation of section 38 of the city charter.

■ Unquestionably the city council had the power under section 38 of the city charter to consent to the appointment of the petitioner as a member of the Planning Commission of Contra Costa County. It is the general rule that a governmental body may effectively ratify what it could theretofore have lawfully authorized. This rule has been applied to numerous situations involving municipal corporation contracts (*Los Angeles Dredging Co.* v. *City of Long Beach,* 210 Cal. 348, 359 [291 P. 839, 71 A.L.R. 161] ; *Crowe* v. *Boyle,* 184 Cal. 117, 149 [193 P. 111] ; *People* v. *Swift,* 31 Cal. 26, 28 ; *cf. Carmichael* v. *Riley,* 56 Cal.App. 409, 413 [205 P. 478] ) ; to ratification of an act by an officer of a municipal corporation (*City of Los Angeles* v. *Pomeroy,* 124 Cal. 597, 646 [57 P. 585] ) ; to ratification of a conveyance of property by a municipal corporation (*Holland* v. *San Francisco,* 7 Cal. 361; see *McCracken* v. *City of San Francisco,* 16 Cal. 591, 623-625) ; to ratification of bond issues by municipal corporations (6 McQuillin on Municipal Corporations, p. 226) ; to ratification of expenditures of money by municipal corporations (5 McQuillin, p. 1326) ; and to ratification of acts by city councils (2 McQuillin, p. 603.)

■ The doctrine of ratification is subject to the limitation that the subsequent ratification should be made with the same formalities required for the original exercise of the power. (Restatement of Agency, § 93(2).) ■ As the city council could have originally exercised its power of approval by resolution, it could and did effectively ratify by the same means.

The respondent also contends that the petitioner lost his position in Oakland through the operation of the doctrine of incompatible offices, in line with the holding in *People* v. *Rapsey,* 16 Cal.2d 636 [107 P.2d 388]. Therefore, he asserts, the petitioner's acceptance of the second office was tantamount to a resignation, and ratification could not restore his office to him. The theory of the doctrine of incompatible public offices was fully discussed in the Rapsey case. ■ The doctrine applies where the functions of the offices concerned are inherently inconsistent, as where there are conflicting interests, or

where public policy dictates that one person may not retain both offices. ▮ The respondent contends that incompatibility is established by the fact that section 38 of the city charter prohibits holding other offices. It is argued that the prohibition amounts to a declaration that all other public offices are incompatible with an Oakland public office. It may be assumed that the section would not authorize the city council to consent to the holding of incompatible offices by the same person, but it may not be assumed that the council did so. ▮ From the facts presented it satisfactorily appears that there was no incompatibility and that adequate authorization was given for the appointment of the petitioner as commissioner of the Contra Costa County Planning Commission.

The findings and conclusions of law were in favor of the petitioner with the exception of the conclusion concerning the effect of the resolution of ratification. Since it is now held that the ratification was the equivalent of prior authorization and there there was no incompatibility between the two positions, the petitioner is entitled to a reversal of the judgment and to the peremptory writ unless the further contentions of the respondent must be sustained.

The respondent seeks to support the judgment upon the basis of certain other facts that appear of record. At the time the petitioner was appointed Park Superintendent of the city of Oakland, he was under contract with the city of San Leandro to perform certain professional services. Under the terms of that contract he was required to prepare studies, drawings, specifications, and cost estimates for any park and recreation projects that might be authorized by the city of San Leandro prior to January 1, 1948, and was to supervise generally the construction of any of such projects. He was to hire architects and engineers needed as assistants at his own expense. For his services he was to receive 6 per cent of the cost of the projects. There was no prior authorization or subsequent ratification of this contract on the part of the city council of the city of Oakland. It was one of the respondent's theories at the trial that this contract prevented the payment of the petitioner's salary, because it amounted to the holding of a "position of profit, under the government of this State" and prohibited by section 38 of the city charter. The findings of fact and conclusions of law on this subject were against the respondent and in favor of the petitioner but the judgment was for the respondent. The respondent argues that the trial court was in error on this point and that the judgment should be affirmed on the ground that the San Leandro contract pre-

vented payment of the petitioner's salary. The respondent did not appeal and it is contended on behalf of the petitioner that a nonappealing party cannot urge alleged errors of the trial court in its findings and conclusions of law. He asserts that the respondent must confine his argument to the errors of which the petitioner as appellant complains.

This court has reiterated the general rule relied on by the petitioner by stating that "it is well settled that parties who have not appealed cannot attack the findings and that the only objections thereto which can be considered are those urged by the appellant." (*Henigson* v. *Bank of America* (1948), 32 Cal.2d 240, 244 [195 P.2d 777].) Also that ". . . on appeal errors affecting a party who does not appeal will not be reviewed, even though excepted to by him in the trial court and included in the bill of exceptions." (*Salter* v. *Ulrich* (1943), 22 Cal.2d 263, 268 [138 P.2d 7, 146 A.L.R. 1344].)

Notwithstanding the foregoing rule the respondent contends that on the record presented on this appeal the rule relied upon by the petitioner should not be applied; that this is a mandamus proceeding and the judgment is merely that the petitioner take nothing and that the peremptory writ be denied; that the judgment was entirely in favor of the respondent and that there is nothing in it from which he could appeal. He therefore invokes the doctrine that the judgment denying the writ should stand if upon any tenable legal theory it may be sustained by the record. In other words, he insists that an erroneous reason should be disregarded if the decision is correct. (See *Sears* v. *Rule* (1945), 27 Cal.2d 131, 140 [163 P.2d 443] ; *People* v. *Central Pac. R. R. Co.*, 76 Cal. 29, 43 [18 P. 90] ; 2 Cal.Jur. p. 808, § 476 ; 1 Cal.Jur. 10-Yr.Supp., p. 494; 1949 Secondary Pocket Part, p. 188.) Under these circumstances the merits of the respondent's position will be examined.

■■ The trial court found and concluded that the contract which the petitioner had made with the city of San Leandro did not cause him to occupy an office or position under the government of the state of California as contemplated by section 38 of the city charter and that there was therefore no violation of that section; that his acceptance from the city of San Leandro of fees and emoluments in addition to those paid him by the city of Oakland was contrary to the provisions of section 32 of the city charter, but that such violation was merely a ground for disciplinary action according to the procedure established therefor and did not bring about his automatic dis-

qualification of the office of Superintendent of Parks of the city of Oakland; that the portion of section 32 of the city charter requiring payment of fees into the city treasury refers only to fees collected for the performance of official duties with the city of Oakland and that fees collected for other purposes were not required to be paid into the city treasury. The respondent insists that these findings and conclusions are not supported by the record and that proper conclusions of law to be drawn from the undisputed facts and from the charter provisions would result in an affirmance of the judgment.

Section 32 of the city charter provides, in part, ". . . No officer, official or employee of the city shall receive from any source any fee, perquisite, emolument, reward or compensation other than the compensation provided for in this charter or by the City Council. All fees collected by any officer, official or employee of the city for the performance of any official duty shall be paid by him into the City Treasury."

The construction of section 32 by the trial court as applied to the facts would seem to be correct. ▮ And the conclusion that the petitioner, while fulfilling his contract with the city of San Leandro as a landscape architect was not "holding any office, or position of profit, under the government of this State" within the provisions of section 38 is likewise not erroneous. The case of *Leymel* v. *Johnson* (1930), 105 Cal.App. 694 [288 P. 858], is very much in point. That was a mandamus proceeding. The petitioner was an instructor in the Fresno High School. While occupying that position he was elected and served as a member of the state Legislature. Payment of his salary as instructor was refused on the ground that section 19 of article IV of the Constitution would thereby be violated. That section provides: "No senator or member of the assembly shall, during the term for which he shall have been elected hold or accept any office, trust, or employment under this state . . ." It was held that the petitioner was not an officer or employee "under this state" as contemplated by the constitutional prohibition.

When the board of park directors opened negotiations with the petitioner for his employment as superintendent of parks, it was explained to the board that the petitioner had certain commitments that he would have to fulfill. The city attorney was consulted and he advised both the petitioner and the board that the completion by the petitioner of his contract with the city of San Leandro would not be in violation of either section 32 or section 38 of the city charter. A stipulation of facts submitted to the trial court stated that the peti-

tioner was employed by the board of park directors with the knowledge and understanding and agreement between the petitioner and the board that he could perform his services under the San Leandro contract. It further appeared that the services performed by the petitioner in the execution of that contract were performed by him at night, Saturday afternoons, Sundays and holidays; that none of those services was performed by him during any of the regular business hours of the city of Oakland or of its park department; that since his employment as superintendent of parks the petitioner had devoted at least fifty hours per week to the discharge of the duties of his office and that the services for the city of San Leandro were terminated before the salary for which demand is now made accrued.

It may be assumed that the undisputed facts appearing by stipulation and otherwise as above related could not relieve the petitioner of a forfeiture of his position as superintendent of parks or of the salary incidental thereto if the city charter would prevent it. But the charter provisions when reasonably applied do not compel such a result.

Finally it is argued by the respondent that the city charter contemplates that every officer and employee of the city should devote his full time and energy to the interests of the city. That certainly is true to the extent that those services may be necessary for the complete discharge of the duties of the office or employment. Section 203 of the city charter provides the test and dictates that a failure to meet the test is ground for removal. That section reads:

"All persons holding any office or employment under the City, whether elective or appointive, shall be required to engage in the actual work of the office or employment so held to the extent that their services may be necessary for the full and complete discharge of the duties of such office or employment, and a failure so to do shall be ground for removal."

Here the park board by formal resolution declared that the actual work performed by the petitioner had always been in excess of the requirements of section 203, and further, that since his employment as superintendent of parks, he "has brought national recognition to the Oakland Park Department and through his tireless efforts has established one of the finest municipal park organizations in the United States."

The judgment is reversed.

Gibson, C. J., Edmonds, J., Carter, J., Traynor, J., Schauer, J., and Spence, J., concurred.