TO BE PUBLISHED IN THE OFFICIAL REPORTS

OFFICE OF THE ATTORNEY GENERAL
State of California

DANIEL E. LUNGREN
Attorney General

_____

| | | |
|---|---|---|
| OPINION | : | |
| | : | No. 91-906 |
| of | : | |
| | : | February 4, 1992 |
| DANIEL E. LUNGREN | : | |
| Attorney General | : | |
| | : | |
| ANTHONY S. Da VIGO | : | |
| Deputy Attorney General | : | |
| | : | |

_____

This office has been requested to grant leave to sue in quo warranto upon the following:

## ISSUES OF FACT OR LAW

Does the doctrine of incompatible public offices preclude a person from holding simultaneously the position of director of the Elsinore Water District and the position of city council member of the City of Lake Elsinore?

## DISPOSITION

Whether the doctrine of incompatible public offices precludes a person from holding simultaneously the position of director of the Elsinore Water District and the position of city council member of the City of Lake Elsinore presents a substantial question of law.  It is determined, however, that an action in quo warranto would not serve the public interest and, therefore, leave to sue is DENIED.

## PARTIES

KEVIN D. JEFFRIES ("relator") contends that WILLIAM S. BUCK ("defendant") is unlawfully serving as a city council member of the City of Lake Elsinore ("City") by becoming a director of the Elsinore Water District ("District").

1.

MATERIAL FACTS

In April 1988, defendant was elected to, assumed, and now continues to occupy the position of city council member of the City. In November 1991, defendant was elected to, assumed, and now continues to occupy the position of director of the District. The City and the District share some common territorial jurisdiction in that approximately one-half of the District is located within the City.

ANALYSIS

In deciding whether to grant leave to sue in the name of the People of the State of California, we consider the following fundamental precepts which provide the basis for this analysis: leave will be granted where there is a substantial question of law or fact which requires judicial resolution *and* where the action in quo warranto would serve the overall public interest. (74 Ops.Cal.Atty.Gen. 26 (1990).)

This application for leave to sue concerns the common law doctrine of incompatible public offices. The doctrine prevents a person from holding simultaneously two public offices if the performance of the duties of either office could have an adverse effect on the other. (68 Ops.Cal.Atty.Gen. 337, 338-339 (1985).) As explained by the Supreme Court in the landmark case of *People ex rel. Chapman v. Rapsey* (1940) 16 Cal.2d 636:

> "Two offices are said to be incompatible when the holder cannot in every instance discharge the duties of each. Incompatibility arises, therefore, from the nature of the duties of the offices, when there is an inconsistency in the functions of the two, where the functions of the two are inherently inconsistent or repugnant, as where antagonism would result in the attempt by one person to discharge the duties of both offices, or where the nature and duties of the two offices are such as to render it improper from considerations of public policy for one person to retain both. The true test is whether the two offices are incompatible in their natures, in the rights, duties or obligations connected with or flowing from them." (*Id.* at pp. 641-642.)

In 73 Ops.Cal.Atty.Gen., *supra*, 270, we summarized as follows:

> "The *Rapsey* analysis has been followed and applied by later courts (see, e.g., *Mott v. Horstmann* (1950) 36 Cal.2d 388, 391-392; *People* ex rel *Bagshaw v. Thompson* (1942) 55 Cal.App.2d 147-150) and in opinions of this

office (see e.g., 67 Ops.Cal.Atty.Gen 409, 413 (1984)) in a variety of circumstances.

> "We have previously stated that only one potential and significant clash of duties need be found to render two offices incompatible. In 63 Ops.Cal.Atty.Gen. 623 (1980), for example, the offices of city mayor and airport district director were found to be incompatible even though there were currently `no significant "interactions" between the city and the district.' (*Id.* at p. 624.) We concluded that in many situations that would arise `"in the regular operation of the statutory plan,"' the person holding both offices would have `[t]he potential for significant clashes' of loyalties. (*Id*. at p. 627.)

> "If the two positions are `offices' and if they are `incompatible,' the consequence is that `"the mere acceptance of the second incompatible office <u>per se</u> terminates the first office as effectively as a resignation."' (*People* ex rel. *Chapman v. Rapsey*, *supra*, 16 Cal.2d 636, 644.)"

We have previously determined that a member of a city council holds a public office for purposes of the incompatibility of offices doctrine. (73 Ops.Cal.Atty.Gen. 354, 356 (1990).) We entertain no doubt that a director of the board of a water district established under the California Water District Law (Wat. Code, § 34000 et seq.)[1] holds a public office for purposes of the doctrine. (See §§ 34017-34025; 34700-34727; see also 73 Ops.Cal.Atty.Gen. 268, 270 (1990) [county water district director]; 73 Ops.Cal.Atty.Gen. 183, 185 (1990) [community services district water agency director].)

In 73 Ops.Cal.Atty.Gen. 183, *supra,* we determined that concurrent memberships on the board of directors of a community services water agency and a school district presented a substantial question of law as to the application of the incompatible offices doctrine. We stated, in part:

> "[D]efendant . . . is responsible for the fixing of rates for all users, including school districts, for prescribing different rates for different uses, and for assigning users into appropriate rate categories. In this regard, the exercise of his judgment and discretion as to the best interest of [the water agency] as a provider of services, and as to those of

---

[1]Undesignated section references herein are to the Water Code.

the [school district] as a ratepayer, is necessarily divided."  (*Id.* at 186.)

In 73 Ops.Cal.Atty.Gen. 268, *supra,* we determined that membership on the board of directors of a county water district and a school district presented a substantial question of law with respect to the incompatible offices doctrine.  We observed, for example, that the water district had the authority to restrict the use of water during an emergency and to contract with other public agencies concerning the control, distribution, and treatment of water, the construction of public works, the acquisition of property, and the joint operation of any property or public works.  (*Id.*, 271.)

Citing the powers of contract and eminent domain, we have previously determined that "Sharp clashes could arise between the offices of councilman and [county water] district director."  (37 Ops.Cal.Atty.Gen. 21, 22 (1961); see also 41 Ops.Cal.Atty.Gen. 98, 99 (1963).)  In 67 Ops.Cal.Atty.Gen. 409, 414 (1984), we concluded that the offices of county water district general manager and member of the board of county supervisors were incompatible.

Here, the District is authorized to fix and collect charges for water and services (§§ 35470, 35472, 35501), to contract with other public agencies (§§ 35403, 35500, 35850.5), and to exercise the right of eminent domain (§ 35600).  In keeping with our prior opinions, therefore, the application for leave to sue presents a substantial question of law.

PUBLIC INTEREST

We next consider whether maintaining an action in quo warranto in the present circumstances would be consistent with the public interest.  It is well settled that the mere existence of a justiciable issue does not require the Attorney General to grant leave to sue in quo warranto.  (*City of Campbell v. Mosk* (1961) 197 Cal.App.2d 640, 650; 74 Ops.Cal.Atty.Gen. 31, 32 (1991).)

Investigation of the interests of the public must be undertaken in the context of the particular facts of each case.  It is recognized that the public and each public entity have an interest in the undivided loyalty of their elected officers.  (73 Ops.Cal.Atty.Gen. 354, 357 (1990); 73 Ops.Cal.Atty.Gen. 183, 188 (1990).)  Nevertheless, here the office sought to be declared vacant by the proposed action was acquired in April 1988 and expires in April 1992.  Thus, less than four months remain of a four year term.

While it cannot be accurately predicted how long it would take for the present action to be filed, heard, and

resolved, even in the absence of an appeal, it is at least reasonably probable that the issue would become moot prior to resolution.  Accordingly, we perceive no basis for the expenditure of public funds for legal fees and court costs in connection with such a proceeding.  Accordingly, the application for leave to sue is denied.

* * * * *