TO BE PUBLISHED IN THE OFFICIAL REPORTS

OFFICE OF THE ATTORNEY GENERAL
State of California

DANIEL E. LUNGREN
Attorney General

_____

|  |  |  |
|---|---|---|
| OPINION | : |  |
|  | : | No. 95-1008 |
| of | : |  |
|  | : | July 8, 1996 |
| DANIEL E. LUNGREN | : |  |
| Attorney General | : |  |
|  | : |  |
| MAXINE P. CUTLER | : |  |
| Deputy Attorney General | : |  |
|  | : |  |

_____

        THE HONORABLE CHARLES R. MACK, COUNTY COUNSEL, YOLO COUNTY, has requested an opinion on the following question:

        May a county planning commissioner simultaneously serve as a member of the county board of education?

CONCLUSION

        A county planning commissioner may not simultaneously serve as a member of the county board of education.

ANALYSIS

        We are asked to determine whether the common law prohibition against a person holding "incompatible public offices," applicable in California (*Mott* v. *Horstmann* (1950) 36 Cal.2d 388, 391; *People* ex rel. *Chapman* v. *Rapsey* (1940) 16 Cal.2d 636, 644), precludes a county planning commissioner from serving simultaneously as a member of a board of education. We conclude that these offices are incompatible, and thus a person may not serve in both capacities at the same time.

        Initially we note that no constitutional or statutory provision prohibits an individual from simultaneously serving as a county planning commissioner and as a member of a county board of education. With respect to the common law prohibition, we summarized the principles governing its application in 66 Ops.Cal.Atty.Gen. 176, 177-178 (1983) as follows:

"`Offices are incompatible, in the absence of statutes suggesting a contrary result, if there is any significant clash of duties or loyalties between the offices, if the dual office holding would be improper for reasons of public policy, or if either officer exercises a supervisory, auditory, or removal power over the other.'  (38 Ops.Cal.Atty.Gen. 113 (1961).)

". . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .

"The policy set forth in *People ex rel Chapman* v. *Rapsey*, *supra*, 16 Cal.2d 636 comprehends prospective as well as present clashes of duties and loyalties.  (See 63 Ops.Cal.Atty.Gen. 623, *supra*.)

"`. . . Neither is it pertinent to say that the conflict in duties may never arise, it is enough that it may, in the regular operation of the statutory plan . . . .'  (3 McQuillin, Municipal Corporations (3d Ed. 1973, § 12.67, p. 297.)

"`[O]nly one significant clash of duties and loyalties is required to make . . . offices incompatible . . . .'  (37 Ops.Cal.Atty.Gen. 21, 22 (1961).)  Furthermore, `[t]he existence of devices to avoid . . . [conflicts] neither changes the nature of the potential conflicts nor provides assurance that they would be employed.  (38 Ops.Cal.Atty.Gen. 121, 125 (1961).)  Accordingly, the ability to abstain when a conflict arises will not excuse the incompatibility or obviate the effects of the doctrine.  A public officer who enters upon the duties of a second office automatically vacates the first office if the two are incompatible.  (*People ex rel Chapman* v. *Rapsey*, *supra*, 16 Cal.2d 636, 644.)  Both positions, however, must be offices.  If one or both of the positions is a mere employment as opposed to a public office, the doctrine does not apply.  (See 58 Ops.Cal.Atty.Gen. 109, 111 (1975).)'"

Applying these principles, we find that a county planning commissioner and a member of a county board of education hold public office  for purposes of the incompatible offices prohibition. (Gov. Code, § 1001; *People* v. *Elliot* (1953) 115 Cal.App.2d 410, 415; 64 Ops.Cal.Atty.Gen. 288 (1983); 31 Ops.Cal.Atty.Gen. 170 (1958).)[1] Hence the issue to be resolved is whether there is an incompatible conflict between the two:  (1) whether the functions and duties of the two might produce a significant clash of loyalties, (2) if the dual office holding would be improper for reasons of public policy, or (3) if either officeholder would exercise a supervisory, auditory, or removal power over the other.

1.  County Planning Commissioner

_____

[1]All references hereafter to the Government Code are by section number only.

A county planning commission is responsible for the preparation and implementation of the county general plan (§§ 65300-65302, 65400), which designates the uses of land in the county for various purposes, including education, public buildings, and grounds (§ 65302, subd. (a)).

Several functions of a county planning commission pertain directly to school districts. For example, the planning commission reviews all proposed public works for conformity with the general plan, including those proposed by the governing board of a school district. (§ 65401.) A five-year capital improvement program prepared by a school district must be referred to the planning commission for review as to its consistency with the general plan and any applicable specific plans. (§ 65403.) With respect to school facilities built with state funds, the planning commission "shall consider in its review for approval information relating to attendance area enrollment, adequacy of the site upon which the construction is proposed, safety features of the site and proposed construction, and present and future land utilization . . . ." (§ 53091.) A planning commission also typically hears and decides applications for conditional use permits and variances from zoning ordinances. (§§ 65900-65906.)

### 2. The County Board of Education

The county board of education has supervisory duties over the county superintendent of schools in the operation of district schools. (Cal. Const. art., IX, § 3.1; Ed. Code §§ 1040, 1042, 1043, 1080.) The specific duties and responsibilities of a county board of education include the establishment and maintenance of community schools. (Ed. Code, § 1980.) In so doing, the board is "deemed to be a school district." (Ed. Code, § 1984.) Section 53094 provides that "the governing board of a school district . . . may render a city or county zoning ordinance inapplicable to a proposed use of property by such school district . . . ."

### 3. Clashes of Duties and Loyalties

We have previously found that holding the office of county planning commissioner would be incompatible with simultaneously holding various other public offices. (See, e.g., 64 Ops.Cal.Atty.Gen. 288 (1981) [county planning commissioner and county water district director]; 58 Ops.Cal.Atty.Gen. 323 (1975) [county planning commissioner and hospital district director]; 56 Ops.Cal.Atty.Gen. 488 (1973) [county planning commissioner and school district trustee].) We have also found that serving on a county board of education would be incompatible with simultaneously serving on the State Board of Education. (31 Ops.Cal.Atty.Gen. 170 (1953).)

A county planning commission and a county board of education both have an interest in the location of educational facilities. The county planning commission must consider educational facilities in relation to the general plan (§ 65302 subd. (a)) and any implementing specific plan (§ 65451, subd. (a)). The county board of education, when establishing and maintaining community schools, may invalidate county zoning ordinances. (Ed. Code, §§ 1984, 53094; *People* ex rel. *Cooper* v. *Rancho Santiago College* (1990) 226 Cal.App.3d 1281, 1286.) What the county board of education considers to be in the best interests of the public in the placement of community schools may differ from that of the planning commission in determining consistency with the county's general plan. We believe that any decision relating to the siting of community schools would present a "significant clash

of duties and loyalties" (37 Ops.Cal.Atty.Gen. 21, 22 (1961)) "`in the regular operation of the statutory plan'" (66 Ops.Cal.Atty.Gen., *supra*, at 177) so as to disqualify a person from holding both offices.

Moreover, to the extent that land use decisions regarding the placement of school facilities may be made by the county superintendent of schools, the county board of education does have a supervisory role regarding the superintendent's activities.  We have previously found two offices to be incompatible where, although one office does not directly interact with the other, each office has a supervisory relationship with a third office.  (78 Ops.Cal.Atty.Gen. 316 (1995) [county board of supervisors and Board of Governors of the California Community Colleges incompatible due to each office's supervisory relationship with community college districts].)  This additional consideration fully supports our conclusion that the two offices in question are incompatible.

For the foregoing reasons, we conclude that a county planning commissioner may not simultaneously serve on a county board of education.  A planning commissioner who enters upon his or her duties as a member of a county board of education would automatically vacate the first office.

* * * * *