TO BE PUBLISHED IN THE OFFICIAL REPORTS

OFFICE OF THE ATTORNEY GENERAL
State of California

BILL LOCKYER
Attorney General

|  |  |  |
|---|---|---|
| OPINION | : | No. 99-207 |
| of | : | April 13, 1999 |
| BILL LOCKYER<br>Attorney General | : | |
| GREGORY L. GONOT<br>Deputy Attorney General | : | |

WILLIAM R. McDANIEL has requested this office to grant leave to sue in quo warranto upon the following question:

Does the doctrine of incompatible public offices preclude a person from holding simultaneously the positions of director of the Victor Valley Water District and city council member of the City of Victorville?

CONCLUSION

The holding simultaneously of the positions of director of the Victor Valley Water District and city council member of the City of Victorville presents substantial questions of fact and law concerning the application of the incompatible public offices doctrine that warrants the granting of leave to sue in quo warranto.

PARTIES

WILLIAM R. McDANIEL ("relator") contends that RODOLFO CABRIALES ("defendant") is unlawfully holding the office of director of the Victor Valley Water District ("District") as a result of his appointment to the office of city council member for the City of Victorville ("City").


MATERIAL FACTS

The City is a general law city with jurisdictional boundaries substantially contiguous with those of the District. The District is a public corporation organized under the County Water District Law (Wat. Code, §§ 30000-33901).


On November 27, 1997, defendant was elected to a four-year term as a director of the District. On November 17, 1998, defendant was appointed to fill a vacancy on the city council of the City.


ANALYSIS

In deciding whether to grant leave to sue in the name of the People of the State of California, we consider initially whether there exists a substantial question of fact or law that requires judicial resolution, and if so, whether the filing of an action in the nature of quo warranto would serve the overall public interest. (80 Ops.Cal.Atty.Gen. 242, 243 (1997).)

The relator's application for leave to sue concerns the common law prohibition against the holding of incompatible public offices. (See Civ. Code, § 22.2; *Mott* v. *Horstmann* (1950) 36 Cal.2d 388, 391-392; *People* ex rel. *Chapman* v. *Rapsey* (1940) 16 Cal.2d 636, 640-644; *Eldridge* v. *Sierra View Local Hospital Dist.* (1990) 224 Cal.App.3d 311, 319.) The prohibition prevents a person from holding simultaneously two public offices if the performance of the duties of either office could have an adverse effect on the other. (68 Ops.Cal.Atty.Gen. 337, 338-339 (1985).) In 81 Ops.Cal.Atty.Gen. 304, 304-305 (1998), we quoted from our previous opinions in describing the prohibition as follows:

" 'Offices are incompatible, in the absence of statutes suggesting a contrary result, if there is any significant clash of duties or loyalties between the offices, if the dual office holding would be improper for reasons of public policy, or if either officer exercises a supervisory, auditory, or removal power

over the other.'  [Citations.]

" ' "The policy set forth in *People* ex rel. *Chapman* v. *Rapsey* [(1940) 16 Cal.2d 636] comprehends prospective as well as present clashes of duties and loyalties.  [Citation.]

" ' " 'Neither is it pertinent to say that the conflict in duties may never arise; it is enough to say that it may, in the regular operation of the statutory plan.'  [Citation.]

" ' " 'Only one significant clash of duties and loyalties is required to make offices incompatible . . . .'  [Citation.]  Furthermore, '[t]he existence of devices to avoid . . . [conflicts] neither changes the nature of the potential conflicts nor provides assurance that they would be employed . . . .'  [Citation.]  Accordingly, the ability to abstain when a conflict arises will not excuse the incompatibility or obviate the effects of the doctrine.  A public officer who enters upon the duties of a second office automatically vacates the first office if the two are incompatible.  [Citation.]  Both positions, however, must be offices.  If one or both of the positions is a mere employment as opposed to a public office, the doctrine does not apply.  [Citation.]" ' "

A county water district director holds a public office for purposes of the common law prohibition.  (73 Ops.Cal.Atty.Gen. 268, 270 (1990); 64 Ops.Cal.Atty.Gen. 288 (1981);  37 Ops.Cal.Atty.Gen. 21, 22, fn. 1 (1961); 32 Ops.Cal.Atty.Gen. 250, 252 (1958); see also 80 Ops.Cal.Atty.Gen., *supra*, at 244 (1997); 76 Ops.Cal.Atty.Gen. 81, 83 (1993); 75 Ops.Cal.Atty.Gen. 10, 13 (1992).)  A member of a city council also holds a public office for purposes of the incompatible offices doctrine.  (75 Ops.Cal.Atty.Gen., *supra*, at 13; 73 Ops.Cal.Atty.Gen. 354, 356 (1990).)

Not only are the two positions in question "offices" for purposes of the common law prohibition, we have concluded that the offices are incompatible.  In 37 Ops.Cal.Atty.Gen., *supra*, at 22-23, we stated with respect to these two offices:

"Sharp clashes could arise between the offices of councilman and district director.  For example, the district is authorized to construct sewer facilities and contract with any public agency for sewer outfall facilities [citation].  The city council is also authorized to construct sewers [citation].  In a closely analogous opinion holding the offices of rapid transit district director and councilman of a city within the district incompatible, this office stated that 'obviously, the conclusions of the directorate in such respects may

3                                                                              99-207

collide with the avowed interests of the component cities . . .' [Citation.] A County water district may take property by condemnation and eminent domain [Citations]. The decision of the board of directors 'may conflict with the views and interests of . . . [a] city within the district' [citation]. The district may make contracts with the city [citations]. 'In such circumstances a city councilman . . . would have to serve two masters if he held the two offices concurrently' [citation]. These examples do not nearly exhaust the possibilities of conflict. Indeed, only one significant clash of duties and loyalties is required to make the offices incompatible [citations]. The examples illustrate the compelling force of the district attorney's conclusion that on a number of occasions 'a person who is both a director of the district and a councilman of the city may find a conflict between the action which is in the best interests of the district and the action which is in the best interests of the city.' The two offices are therefore incompatible and may not be held by the same person." (Fns. omitted.)

More recently, in 75 Ops.Cal.Atty.Gen. 10, *supra*, we granted leave to sue in quo warranto to obtain judicial resolution of whether the offices of city council member and director of a water district established under the California Water District Law (Wat. Code, § 34000 et seq.) were incompatible.

As defendant's potential conflicting loyalties would essentially be the same as those examined in 37 Ops.Cal.Atty.Gen. 21, *supra*, and in 75 Ops.Cal.Atty.Gen. 10, *supra*, we conclude that substantial questions of fact and law are present here concerning the application of the incompatible offices doctrine.


PUBLIC INTEREST

As a general rule, we have viewed the existence of a substantial question of fact or law as presenting a sufficient "public purpose" to warrant the granting of leave to sue. Accordingly, leave will be denied only in the presence of other overriding considerations. (81 Ops.Cal.Atty.Gen. 94, 98 (1998).) We have found no countervailing considerations herein. Rather, the inhabitants of the City and of the District have a paramount interest in the undivided loyalties of their public officers.

Accordingly, the application for leave to sue in quo warranto is GRANTED.

\* \* \* \* \*