TO BE PUBLISHED IN THE OFFICIAL REPORTS

OFFICE OF THE ATTORNEY GENERAL
State of California

BILL LOCKYER
Attorney General

<table>
<tr><td></td><td>:</td><td></td></tr>
<tr><td>OPINION</td><td>:</td><td>No. 99-102</td></tr>
<tr><td></td><td>:</td><td></td></tr>
<tr><td>of</td><td>:</td><td>April 21, 1999</td></tr>
<tr><td></td><td>:</td><td></td></tr>
<tr><td>BILL LOCKYER</td><td>:</td><td></td></tr>
<tr><td>Attorney General</td><td>:</td><td></td></tr>
<tr><td></td><td>:</td><td></td></tr>
<tr><td>ANTHONY M. SUMMERS</td><td>:</td><td></td></tr>
<tr><td>Deputy Attorney General</td><td>:</td><td></td></tr>
<tr><td></td><td>:</td><td></td></tr>
</table>

THE HONORABLE ALAN K. MARKS, COUNTY COUNSEL OF SAN BERNARDINO COUNTY, has requested an opinion on the following question:

May an individual serve simultaneously on the governing board of a school district and as the community development director for the City of Colton, where 70 percent of the city lies within the school district?

CONCLUSION

An individual may serve simultaneously on the governing board of a school district and as the community development director for the City of Colton even though 70 percent of the city lies within the school district.

ANALYSIS

We are asked to consider whether the community development director for the City of Colton may serve on a local school district's governing board in light of the prohibition against holding incompatible public offices. This prohibition is of common law origin and is applicable in California. (See Civ. Code, § 22.2; *Mott* v. *Horstmann* (1950) 36 Cal.2d 388, 391-392; *People* ex rel. *Chapman* v. *Rapsey* (1940) 16 Cal.2d 636, 640-644; *Eldridge* v. *Sierra View Local Hospital Dist.* (1990) 224 Cal.App.3d 311, 319.) We conclude that the prohibition is inapplicable here.

In 74 Ops.Cal.Atty.Gen. 82, 83 (1991), we explained the nature of the common law prohibition as follows:

". . . The doctrine prevents a person from holding simultaneously two public offices if the performance of the duties of either office could have an adverse effect on the other. [Citation.] In 73 Ops.Cal.Atty.Gen. 183, 183-184 (1990), we summarized the following considerations:

" 'Offices are incompatible, in the absence of statutes suggesting a contrary result, if there is any significant clash of duties or loyalties between the offices, if the dual office holding would be improper for reasons of public policy, or if either officer exercises a supervisory, auditory, or removal power over the other. [Citations.]

" '. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .

" '. . . A public officer who enters upon the duties of a second office automatically vacates the first office if the two are incompatible. [Citation.] Both positions, however, must be offices. If one or both of the positions is a mere employment as opposed to a public office, the doctrine does not apply. [Citation.]'

"For the purposes of the doctrine, we have summarized the nature of a public office as (1) a position in government, (2) which is created or authorized by the Constitution or by law, (3) the tenure of which is continuing and permanent, not occasional or temporary, (4) in which the incumbent performs a public function for the public benefit and exercises some of the sovereign powers of the state. [Citation.]

"In *Schaefer* v. *Superior Court* (1952) 113 Cal.App.2d 428, 432-433, the court clarified the meaning of 'sovereign powers of the state' as follows:

" 'If specific statutory and independent duties are imposed upon an appointee in relation to the exercise of the police powers of the State, if the appointee is invested with independent power in the disposition of public property or with the power to incur financial obligations upon the part of the county or state, if he is empowered to act in those multitudinous cases involving business or political dealings between individuals and the public, wherein the latter must necessarily act through an official agency, then such functions are a part of the sovereignty of the state.' "

Unquestionably, one who serves on the governing board of a school district holds a public office for purposes of the incompatible offices prohibition. (See, e.g., 79 Ops.Cal.Atty.Gen. 284 (1996).) However, whether the position of community development director for the City of Colton constitutes a public office for purposes of the rule requires an analysis of various factors. As noted above, if the director's position is not an office, the prohibition is inapplicable.

In *Neigel* v. *Superior Court* (1977) 72 Cal.App.3d 373, the court examined the incompatible offices prohibition, as incorporated into a city's charter, with respect to a city police officer. The court concluded that even though the officer performed sovereign governmental functions and was an officer for some purposes, he did not hold a public office for purposes of the incompatible offices doctrine. The court explained:

"The city relies on cases holding that a policeman falls within the category of a public officer because he is entrusted with the duty and power to exercise a part of the sovereign governmental powers of the entity for which he is acting. [Citations.] However, the fact that policemen have been held to be public officers for certain purposes does not lead inevitably to the conclusion that they are 'officers' for all purposes. [Citation.] The meaning of the words 'officer' or 'official' varies with the conditions and circumstances in which they are used. [Citations.]

"Section 225 [of the city charter] provides that no 'person holding a salaried office of this City, whether by election or appointment,' shall hold any other governmental office described and declares that any such person who, 'during his term of such office,' shall accept such other governmental office 'shall be deemed thereby to have vacated the office held by him under this City Government, and the same shall immediately become vacant.'

Although the charter does not define the word 'office,' it does provide for various elective and appointive officers such as mayor, councilmen, city attorney, city assessor, treasurer, city engineer, superintendent of streets, chief of police, chief engineer of the fire department, and members of various boards and commissions established by the charter. Those persons occupy policy-making positions; they are elected or appointed for either a prescribed term or serve at the pleasure of the appointing authority; and their duties and powers are prescribed by the charter. Section 225 was manifestly intended to apply to such persons.

"Policemen, however, are employed pursuant to open competitive civil service examinations and are referred to in the charter as classified employees. They do not serve either for a definite 'term' or at the pleasure of the appointing authority; their duties are not prescribed by the charter; nor are they clothed with policy-making authority. In these circumstances, we do not deem a policeman to be a 'person holding a salaried office of this City' in the context of section 225." (*Id.*, at pp. 378-379, fn. omitted.)

With respect to the position held by the community development director for the City of Colton, we find that under the city's municipal code, the director is given enforcement authority regarding zoning, building codes, and land divisions. (Colton Mun. Code, § 2.64.010.) The power to issue citations for code violations clearly constitutes the exercise of "sovereign powers." Nevertheless, as indicated in *Neigel* v. *Superior Court*, *supra*, 72 Cal.App.3d at 373, exercising sovereign powers does not necessarily mean that the person holds a public office for purposes of the common law prohibition. We have previously concluded that a sheriff's deputy chief does not hold an office for purposes of the common law doctrine. (78 Ops.Cal.Atty.Gen. 362 (1995).) We have reached the same conclusion with respect to a fire captain (68 Ops.Cal.Atty.Gen. 337 (1985)) and a fire division chief (74 Ops.Cal.Atty.Gen. 82 (1991)).

The director's formal job description indicates that he exercises managerial functions for the city under the supervision and direction of the city manager. Such managerial functions and supervision are indicative of an employment relationship rather than the holding of a public office. (78 Ops.Cal.Atty.Gen., *supra*, at 368.) Moreover, the director holds a civil service classification with the city as did the police officer in *Neigel* v. *Superior Court, supra,* 72 Cal.App.3d at 373. He does not serve a definite "term" or at the pleasure of the appointing authority, and his policy-making authority is limited by the conditions of his job description and his subordination to the city manager.

Based upon the foregoing factors, we believe that the community development director for the City of Colton does not hold a public office for purposes of the common law prohibition. Because two public offices are not involved here, we conclude that an individual may serve simultaneously on the governing board of a school district and as the community development director for the City of Colton even though 70 percent of the city lies within the school district.

* * * * *