BILL LOCKYER Attorney General GREGORY L. GONOT Deputy Attorney General
THE HONORABLE GEORGE EISER, III, CITY PROSECUTING ATTORNEY, CITY OF NATIONAL CITY, has requested an opinion on the following question:
May a person serve simultaneously as a member of a city planning commission and as a member of a school district board of trustees if the city and the school district have territory in common?
 CONCLUSION
A person may not serve simultaneously as a member of a city planning commission and as a member of a school district board of trustees if the city and the school district have territory in common.
 ANALYSIS
We are asked to determine whether a person may serve simultaneously as a city planning commissioner and as a school district trustee in light of the common law rule prohibiting a person from holding "incompatible offices" applicable in California. (See Civ. Code, § 22.2; Mott v. Horstmann (1950) 36 Cal.2d 388, 391-392; People ex rel. Chapman v. Rapsey (1940) 16 Cal.2d 636, 640-644; Eldridge v. Sierra View Local Hospital Dist. (1990) 224 Cal.App.3d 311, 319.) Given that the city and the school district have territory in common, we conclude that the offices in question are incompatible, and thus a person may not serve in both capacities at the same time.
Under the common law doctrine, offices are incompatible if one of the offices has a supervisory, auditory, or removal power over the other or if there would be any significant clash of duties or loyalties in the exercise of official duties. Only one potential significant clash of duties or loyalties is necessary to make offices incompatible. If the performance of the duties of either office could have an adverse effect on the other, the doctrine precludes acceptance of the second office. If the second office is accepted, such acceptance constitutes an automatic resignation from the first office. (People ex rel. Chapman v. Rapsey, supra, 16 Cal.2d at pp. 641-644; 84 Ops.Cal.Atty.Gen. 34, 38 (2001); 83 Ops.Cal.Atty.Gen. 153, 154 (2000); 83 Ops.Cal.Atty.Gen. 53, 54 (2000); 83 Ops.Cal.Atty.Gen. 50, 51 (2000).)
A member of the governing board of a school district holds a public office for purposes of the common law prohibition (82 Ops.Cal.Atty.Gen. 83, 84 (1999); 56 Ops.Cal.Atty.Gen. 488, 489 (1973)), as does a city planning commissioner (82 Ops.Cal.Atty.Gen. 68, 70 (1999); 66 Ops.Cal.Atty.Gen. 293, 295 (1983)). Since both of the positions in question are offices, we turn to whether the two offices would be incompatible.
We have previously concluded that holding the office of county planning commissioner would be incompatible with holding the office of member of a county board of education (79 Ops.Cal.Atty.Gen. 155 (1996)) and with holding the office of trustee of a local school district (56 Ops.Cal.Atty.Gen. 488, supra). We have also determined that the offices of city planning commissioner and member of the board of directors of a local water district are incompatible. (82 Ops.Cal.Atty.Gen. 68, supra.)
Both city and county planning commissions are governed by the state planning and zoning law (Gov. Code, §§ 65000-66499.58),[1]
and land use activities by a school district are subject to regulation by the city or county in which the district's property is located. Under the state law, the city planning commission in question would be responsible for the preparation and implementation of the city's general plan. (§§ 65103, 65300, 65450.) A general plan includes the location of educational facilities. (§ 65302, subd. (a); 56 Ops.Cal.Atty.Gen., supra, at p. 490.)[2] The planning commission is required to review annually the local public works projects of other local agencies for their consistency with the general plan. (§§65103, 65401.) Additionally, no local public works project may be approved within an area covered by a specific plan unless it is consistent with the adopted specific plan. (§ 65455.) A five-year capital improvement program prepared by a school district must be referred to the planning commission for review as to its consistency with the general plan and any applicable specific plans. (§65403.) A planning commission also typically hears and decides whether to grant applications for conditional use permits and variances from zoning ordinances. (§§ 65900-65906.)
Pursuant to sections 53090-53097.5, a school district must comply with all applicable building and zoning ordinances of the city in which it is located, except that, by a vote of two thirds of its members, the governing board of a school may render a city zoning ordinance inapplicable to a proposed use of property by the district. (§ 53094; see 82 Ops.Cal.Atty.Gen. 135 (1999).) With respect to school facilities built with state funds, the planning commission "shall consider in its review for approval information relating to attendance area enrollment, adequacy of the site upon which the construction is proposed, safety features of the site and proposed construction, and present and future land utilization. . . ." (§ 53091.)
Education Code section 17569 authorizes the governing board of a school district to "construct in immediate proximity to any school or site owned or controlled by the district, pedestrian tunnels, overpasses, footbridges, sewers and water pipes when required for school or administrative purposes. . . ." Such construction activities by the school district may be subject to a conditional use permit or a variance from zoning ordinances granted by the planning commission.
What the school district considers to be in the best interests of the public with respect to its land use decisions may differ from that of the planning commission in its determination of whether the decisions are consistent with the city's general plan. (See, e.g., City of Santa Clara v. Santa Clara Unified Sch. Dist. (1971) 22 Cal.App.3d 152 [school district declared city zoning ordinance inapplicable to proposed construction of high school in area zoned for residential use].) We believe that any school district decision relating to land use issues would present a "significant clash of duties and loyalties" (37 Ops.Cal.Atty.Gen. 21, 22 (1961)) "`in the regular operation of the statutory plan'" (66 Ops.Cal.Atty.Gen. 176, 177 (1983)) so as to preclude a person from holding both offices of city planning commissioner and school district trustee at the same time.
Accordingly, we conclude that a person may not serve simultaneously as a member of a city planning commission and as a member of a school district board of trustees if the city and the school district have territory in common.
[1] All references hereafter to the Government Code are by section number only.
[2] The dual exercise of school board and planning commission authority with respect to the location of new schools is demonstrated in Education Code section 17521, which provides in part that "[t]he State Department of Education shall . . . [u]pon the request of the governing board of any school district, advise the governing board on the acquisition of new schoolsites and, after a review of available plots, give the governing board in writing a list of the recommended locations in the order of their merit, considering especially the matters of educational merit, safety, reduction of traffic hazards, and conformity to the land use element in the general plan of the city, county, or city and county having jurisdiction. . . ."