BILL LOCKYER Attorney General GREGORY L. GONOT Deputy Attorney General
THE HONORABLE JIM BATTIN, MEMBER OF THE STATE SENATE, has requested an opinion on the following question:
May a trustee of the Lakeside Union School District serve simultaneously as a director of the Padre Dam Municipal Water District?
 CONCLUSION
A trustee of the Lakeside Union School District may not serve simultaneously as a director of the Padre Dam Municipal Water District.
 ANALYSIS
We are asked to determine whether a trustee on the governing board of the Lakeside Union School District ("School District") may serve as a director on the governing board of the Padre Dam Municipal Water District ("Water District"). We conclude that these two offices may not be held at the same time due to the common law prohibition against holding incompatible public offices.
Formed in 1955 under the Municipal Water District Law of 1911 (Wat. Code, §§ 71000-73001), the Water District is a multi-purpose public entity providing wholesale and retail water; wastewater collection, disposal, and treatment; water recycling; and recreation at a regional park and campground. (See Carlton Santee Corp. v. Padre Dam Mun. Water Dist. (1981) 120 Cal.App.3d 14.) The Water District sells water to the Lakeside Water District and the Riverview Water District which in turn sell water to the School District.
While the School District is within the boundaries of the Water District, it currently does not receive any services directly from the Water District. The School District obtains most of its irrigation water from its own wells rather than from its two water agency suppliers. Certain property belonging to the School District utilizes septic tanks and would likely receive sanitation services from the Water District if the School District were to obtain a sewer hookup for the property.
With this factual background in mind, we turn to the common law prohibition against holding incompatible public offices applicable in California. (See Civ. Code, § 22.2; Mott v. Horstmann (1950)36 Cal.2d 388, 391-392; People ex rel. Chapman v. Rapsey (1940)16 Cal.2d 636, 640-644; Eldridge v. Sierra View Local Hospital Dist. (1990) 224 Cal.App.3d 311, 319.) Offices are incompatible if one of the offices has supervisory, auditory, or removal power over the other or if there would be any significant clash of duties or loyalties in the exercise of official duties. Only one potential significant clash of duties or loyalties is necessary to make offices incompatible. If the performance of the duties of either office could have an adverse effect on the other, the doctrine precludes acceptance of the second office. If the second office is accepted, such acceptance constitutes an automatic resignation from the first office. (People ex rel. Chapman v. Rapsey, supra, 16 Cal.2d at pp. 641-644; 84 Ops.Cal.Atty.Gen. 91 (2001); 84 Ops.Cal.Atty.Gen. 34, 38 (2001); 83 Ops.Cal.Atty.Gen. 153, 154 (2000); 83 Ops.Cal.Atty.Gen. 53, 54 (2000); 83 Ops.Cal.Atty.Gen. 50, 51 (2000).)
A member of the governing board of a school district holds a public office for purposes of the common law prohibition (84 Ops.Cal.Atty.Gen. 91, 92 (2001); 56 Ops.Cal.Atty.Gen. 488, 489 (1973)), as does a member of the board of directors of a municipal water district (80 Ops.Cal.Atty.Gen. 242, 244 (1997); cf. 82 Ops.Cal.Atty.Gen. 68, 69 (1999) [county water district], 76 Ops.Cal.Atty.Gen. 81, 83 (1993) [special act water district], 75 Ops.Cal.Atty.Gen. 10, 13 (1992) [California water district], 73 Ops.Cal.Atty.Gen. 268, 270 (1990) [community services district water agency].) Since both offices are subject to the common law rule, we turn to the issue of whether a person may hold each at the same.
Municipal water districts have the authority to acquire, control, distribute (Wat. Code, § 71610) and sell water, at a rate of its determination, to public agencies and persons (Wat. Code, §71611), and acquire, construct and operate sewage and storm water facilities (Wat. Code, § 71670), among other powers and duties (see Wat. Code, § 71590; Carlton Santee Corp. v. Padre Dam Mun. Water Dist., supra, 120 Cal.App.3d at p. 24). A municipal water district may also undertake a water conservation program to reduce water usage (Wat. Code, § 71610.5) and may restrict the usage of district water during any emergency caused by a water shortage (Wat. Code, § 71640).
The board of trustees of a school district has the responsibility of obtaining necessary water supplies and sewage disposal services for the district. (See Ed. Code, §§ 17556, 17569, 17577.)
In 73 Ops.Cal.Atty.Gen. 183, 185 (1990), we examined the application of the incompatible offices doctrine in the context of a water agency providing water to a school district:
". . . [D]efendant . . . is responsible for the fixing of rates for all users, including school districts, for prescribing different rates for different uses, and for assigning users into appropriate rate categories. In this regard, the exercise of his judgment and discretion as to the best interests of [the community services district] as a provider of services, and as to those of [the school district] as a ratepayer, is necessarily divided." (Id. at p. 186.)
Similarly, in 73 Ops.Cal.Atty.Gen. 268, 271 (1990), we found the possible decisions of a water district to restrict the usage of water during an emergency and to contract with other public agencies, including a school district, for various purposes, might result in divided loyalties for a person acting as a county water district board member and school district board trustee.
Here, at least two significant clashes of duties and loyalties may arise if a person were allowed to hold the two offices in question. Currently, the School District obtains most of its irrigation water from its own wells. It is evident that a decision whether to abandon its wells would impact the School District and the Water District in different ways. What might be in the best interests of the School District may not be in the best interests of the Water District. A person holding both offices would have divided loyalties in considering this issue.
Likewise, some of the School District's property utilizes septic tanks. A decision to obtain the sewer system services of the Water District would impact the School District and Water District in different ways. Again, what might be in the best interests of the School District may not be in the best interests of the Water District.
Accordingly, we find at least two significant areas of conflict that might arise "`in the regular operation of the statutory plan.'" (63 Ops.Cal.Atty.Gen. 623, 627 (1980).) A significant clash of duties and loyalties may also arise in such matters as the Water District setting the wholesale water rate that will be passed on to the School District by the retail water agencies involved, determining the need for restrictions on water usage during times of a water shortage, and imposing conditions for providing sanitation services to the School District.
We conclude that a trustee of the School District may not serve simultaneously as a director of the Water District.