BILL LOCKYER Attorney General GREGORY L. GONOT Deputy Attorney General
ANTHONY J. BEJARANO has requested leave to sue in quo warranto upon the following question:
Is Blanca Estella Rubio unlawfully holding the office of director of the Valley County Water District since she simultaneously holds the office of trustee of the Baldwin Park Unified School District?
 CONCLUSION
Whether Blanca Estella Rubio is unlawfully holding the office of director of the Valley County Water District since she simultaneously holds the office of trustee of the Baldwin Park Unified School District presents substantial issues of fact and law requiring judicial resolution.
 ANALYSIS
Anthony J. Bejarano ("Relator") alleges that Blanca Estella Rubio ("Defendant") is simultaneously holding two public offices in violation of the common law rule, applicable in California, prohibiting the simultaneous holding of "incompatible public offices." (See Civ. Code, §22.2; Mott v. Horstmann (1950) 36 Cal.2d 388, 391-392; People ex rel. Chapman v. Rapsey (1940) 16 Cal.2d 636, 640-644; Eldridge v. Sierra View Local Hospital Dist. (1990) 224 Cal.App.3d 311, 319.) The two offices in question are director of the Valley County Water District ("Water District") and trustee of the Baldwin Park Unified School District ("School District"). Relator requests permission to file a "quo warranto" action to remove Defendant from the office of Water District director. We grant his application.
Code of Civil Procedure section 803 provides in part:
 "An action may be brought by the attorney-general, in the name of the people of this state, upon his own information, or upon a complaint of a private party, against any person who usurps, intrudes into, or unlawfully holds or exercises any public office . . . within this state."
An action filed under the terms of this statute is known as a "quo warranto" action; it is the proper remedy to test title to public office. (See, e.g., 86 Ops.Cal.Atty.Gen. 205 (2003) [member of county board of supervisors]; 85 Ops.Cal.Atty.Gen. 90 (2002) [city council member]; 81 Ops.Cal.Atty.Gen. 304 (1999) [city police chief].) In determining whether to grant a request to file a quo warranto action, the Attorney General considers (1) whether the application presents a substantial issue of fact or law requiring judicial resolution and (2) whether granting the application would serve the overall public interest. (78 Ops.Cal.Atty.Gen. 352, 353 (1995).)
Since the two offices held by Defendant are "public offices" for purposes of the common law rule (see, e.g., 85 Ops.Cal.Atty.Gen. 239, 240 (2002)] [county water district director]; 85 Ops.Cal.Atty.Gen. 60, 61 (2002) [school district trustee]), the issue presented is whether the offices are "incompatible." If so, Defendant would retain the last office to which she was elected, School District trustee, while the office of Water District director would be forfeited. (See 82 Ops.Cal.Atty.Gen. 68, 73 (1999); 41 Ops.Cal.Atty.Gen. 98, 99 (1963).)
Two public offices are incompatible if the performance of the duties of either office could have a significant adverse effect on the other. (85 Ops.Cal.Atty.Gen., supra, at p. 240; 80 Ops.Cal.Atty.Gen. 74, 75 (1997); 66 Ops.Cal.Atty.Gen. 176, 177-178 (1983).) In 85 Ops.Cal.Atty.Gen. 60, supra, we observed:
 ". . . Offices are incompatible if one of the offices has supervisory, auditory or removal power over the other or if there would be any significant clash of duties or loyalties in the exercise of official duties. Only one potential significant clash of duties or loyalties is necessary to make offices incompatible." (Id. at p. 61.)
Whether an actual conflict in duties has previously occurred in the two offices is not determinative since it is sufficient that a conflict may occur "in the regular operation of the statutory plan." (66 Ops.Cal.Atty.Gen, supra, at p. 177; see 75 Ops.Cal.Atty.Gen. 112, 116 (1992).)
We have previously granted leave to sue with respect to the trustee of a high school district who was also a county water district director. (73 Ops.Cal.Atty.Gen. 268 (1990) [office of trustee of Victor Valley Union High School District incompatible with office of director of Victor Valley County Water District].) In our 1990 opinion, we stated:
 "Looking at the duties and functions of a water district director and school district trustee to determine whether these two offices are incompatible, we find that a water district is statutorily empowered to `do any act necessary to furnish sufficient water in the district for any present or future beneficial use.' (Wat. Code, § 31020.) `A district may establish rules and regulations for the sale, distribution, and use of water . . . .' (Wat. Code, § 31024.) `The district shall fix and through the general manager collect water rates.' (Wat. Code, § 31025.) . . . A county water district is authorized to contract with other public agencies concerning the control, distribution, and treatment of water, the construction of public works, the acquisition of property, and the joint operation of any property or public works. (Wat. Code, §§ 31048-31049.)
 "As for the duties of a school district trustee, in 73 Ops.Cal.Atty.Gen. 183 (1990) we recently detailed the numerous activities that a school district may statutorily undertake affecting a water district formed under the Community Services District Law. (Id., at pp. 186-188.) The same statutory authorities would be applicable with respect to activities that might affect a county water district." (Id. at pp. 270-271.)
More recently, in 85 Ops.Cal.Atty.Gen. 60, supra, we determined that the offices of trustee of a school district and director of a municipal water district were incompatible. The statutory responsibilities of a municipal water district are much the same as those of a county water district. They include the authority to sell water, at a rate of the district's determination, to public agencies and persons (Wat. Code, § 71611) and to restrict the usage of district water during a water shortage (Wat. Code, § 71640). We found that "[a] significant clash of duties and loyalties may. . . arise in such matters as the Water District setting the wholesale water rate that will be passed on to the School District [and] determining the need for restrictions on water usage during times of a water shortage . . . ." (Id. at p. 62.)
The same potential for a significant clash of loyalties exists in the matter presented here. The School District's territory lies substantially within the boundaries of the Water District. A large portion of the School District's water requirement is provided by the Water District. In such circumstances, a person sitting on the governing board of both districts would have divided loyalties in acting in the best interests of the water seller (Water District) and water purchaser (School District).
We are further advised that the Water District and the School District have previously negotiated the allocation of costs arising from upgrades and additions to water supply lines serving the School District and surrounding residential areas. Again, a person serving on both boards would have a clash of loyalties in deciding upon the appropriate allocation of such costs.
The foregoing are but two examples in which "what might be in the best interests of the School District may not be in the best interests of the Water District." (85 Ops.Cal.Atty.Gen., supra, at p. 62.) Accordingly, we find that the question whether Defendant is unlawfully holding the office of director of the Water District presents substantial issues of fact and law for judicial resolution. (See 86 Ops.Cal.Atty.Gen., supra, at p. 208; 82 Ops.Cal.Atty.Gen., supra, at p. 73; 75 Ops.Cal.Atty.Gen. 10, 14 (1992).)
As a general rule, we have viewed the need for judicial resolution of a substantial question of fact or law as a sufficient "public purpose" to warrant the granting of leave to sue in quo warranto. (See 73 Ops.Cal.Atty.Gen. 183, 188 (1990); 67 Ops.Cal.Atty.Gen. 151, 153 (1984).) However, Defendant contends that granting leave to sue in this case would not serve the overall public interest because she is entering the last year of her term on the Water District board and does not intend to seek reelection. We have on occasion denied leave to sue when only a short period of time remained in the term of the office subject to forfeiture. (See 82 Ops.Cal.Atty.Gen. 6, 11 (1999) [less than 2 months remaining]; 75 Ops.Cal.Atty.Gen., supra, at p. 14 [less than four months remaining].) In such circumstances, there is usually insufficient time for judicial resolution of the matter. Here, on the other hand, Defendant has nearly a full year to serve as a Water District director. During that time, a number of votes involving potential clashes of loyalties may take place. Members of the public, as well as the Water District and the School District, have an interest in the undivided loyalties of their elected officers when performing public duties. (73 Ops.Cal.Atty.Gen., supra, at p. 188.)
Defendant also contends that the public interest would not be served by granting leave to sue because Relator has a personal political motivation for filing his application. However, "[w]e normally do not attempt to assess the motivation of individual relators." (75 Ops.Cal.Atty.Gen., supra, at p. 116.) Regardless of Relator's purposes in filing his application, we are concerned with ensuring that all public officials have undivided loyalties when performing their responsibilities. (See City of Campbell v. Mosk (1961) 197 Cal.App.2d 640, 648-650; 86 Ops.Cal.Atty.Gen., supra, at p. 209; 82 Ops.Cal.Atty.Gen. 74, 77 (1999); 76 Ops.Cal.Atty.Gen. 1, 4 (1993); 75 Ops.Cal.Atty.Gen., supra, at p. 117.)
Accordingly, Relator's application for leave to file an action in quo warranto is GRANTED.